| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>Caceres & Shamash, LLP<br>8200 Wilshire Boulevard, Suite 400<br>Beverly Hills, California 90211<br>Telephone: (310) 205-3400<br>Facsimile: (310) 878-8308<br>Email: jec@locs.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* KOUROSH MALEKAN | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>PETER PEDROM ETESAMNIA,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-43661-TD<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br><br>**(ACTION IN NON-BANKRUPTCY FORUM)** |
| | DATE: 07/18/2013<br>TIME: 10:00 am<br>COURTROOM: 1345 |

**MOVANT:**  KOUROSH MALEKAN

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (if any)(Responding parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. ☒ a.  This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

☐ b.  This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served:
☐ at the hearing ☐ at least _____ days before the hearing.

(1) ☐  An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

(2) ☐  An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court.

(3) ☐  An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4.  You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:  06/20/2013

Caceres & Shamash, LLP
Printed name of law firm (if applicable)

Joseph E. Caceres, Esq.
Printed name of individual Movant or attorney for Movant

/s/ Joseph E. Caceres
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Movant:**  KOUROSH MALEKAN

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor and Debtor's bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (Non-bankruptcy Action) in a non-bankruptcy forum:

    Case name: Kourosh Malekan vs. Peter Etesamnia aka Pedram Etesamnia, et. al.
    Docket number: SC118749
    Court or agency where pending: L.A. Superior Court, West District

2. **Case History:**

    a. ☒ A voluntary ☐ An involuntary    petition under chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on (*specify date*): 10/04/2012

    b. ☐ An order of conversion to chapter    ☐ 7  ☐ 11  ☐ 12  ☐ 13 was entered on (*specify date*):

    c. ☐ Plan was confirmed on (*specify date*):

    d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years.  See attached declarations.

    e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:

    a. ☒ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.

    b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or estate property.

    c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    e. ☒ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.

    f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

    g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 3                              **F 4001-1.RFS.NONBK.MOTION**

4. Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be attached hereto.*)

   a. ☒ Movant submits the attached declaration(s) to provide evidence in support of this Motion pursuant to LBRs.
      ***See attached Declarations of A. David Youssefyeh & Kourosh Malekan.**

   b. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit. "1"            .

   c. ☒ Other evidence (*specify*): Declarations of A. David Youssefyeh and Kourosh Malekan;
      Exhibit "2" - 341(a) Notice; Exhibit "3" - Debtor's Discharge; Exhibit "4" - copy of state court complaint;
      Exhibit "5" - Amended Schedule F; Exhibit "6" - State court docket reflecting Dtr's Notice of Bk Stay

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**


**WHEREFORE, Movant prays that this court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) (*check boxes re all applicable relief requested*):

   a. ☒ Terminating the stay as to Debtor and Debtor's bankruptcy estate.

   b. ☒ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration.

   c. ☐ Modifying or conditioning the stay as set forth in the attached continuation page.

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non- bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor or estate property.

3. ☒ Additional provisions requested:

   a. ☒ That the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☒ That the 14-day stay prescribed by FRBP 4001(a)(3) be waived.

   c. ☐ That extraordinary relief be granted as set forth in the Attachment (*attach optional court form F 4001-1.EXT.RELIEF.ATTACH*).

   d. ☐ For other relief requested, see attached continuation page.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 4                          **F 4001-1.RFS.NONBK.MOTION**

4.   If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.


Date:   06/20/2013 _____                    Respectfully submitted,


                                                      Kourosh Malekan _____
                                                      Printed name of Movant

                                                      Caceres & Shamash, LLP _____
                                                      Printed name of attorney for Movant (if applicable)



                                                      /s/ Joseph E. Caceres _____
                                                      Signature

                                                      Joseph E. Caceres, Esq., _____
                                                      Printed name of individual Movant or Attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 5                          **F 4001-1.RFS.NONBK.MOTION**

# DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM

**MOVANT:** KOUROSH MALEKAN

I, A. DAVID YOUSSEFYEH                                                              , declare as follows
*(Print name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum (Non-bankruptcy Action) that is the subject of this Motion because:

   ☐ I am the Movant
   ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.
   ☐ I am employed by Movant as (*state title and capacity*):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non- bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

   Case name: Kourosh Malekan vs. Peter Etesamnia aka Pedram Etesamni a, et. al.
   Docket number: SC118749
   Court or agency where pending  L.A. Superior Court, West District

4. **Procedural Status**:

   a. The causes of action pleaded in the non-bankruptcy forum are (*list*):

      1. Fraud – Coins; 2. Fraud – Movie; 3. Negligent Misrepresentation – Coins; 4. Negligent Misrepresentation – Movie; 5. Statutory Unfair Competition; 6. Breach of Contract – Coins; 7. Breach of Contract – Movie; 8. Money Had and Received; 9. Accounting; 10. Conversion – Coins; 11. Conversion – Movie; 12. Unjust Enrichment; 13. Promissory Estoppel; 14. Breach of Fiduciary Duty

   True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit ___"4"___

   b. The Non-bankruptcy Action was filed on *(specify date)*: 10/16/2012

   c. Trial or hearing began/is scheduled to begin on (*specify date*): 12/13/2013  *stat.conf. re status of BK*

   d. The trial or hearing is estimated to require the following number of days (*specify*):

   e. Other defendants to the Non-bankruptcy Action are (*specify*): *See Exh "4" hereto, caption to Complaint

5. **Grounds for relief from stay:**

   a. ☐  The claim is insured. The insurance carrier and policy number are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 6                          **F 4001-1.RFS.NONBK.MOTION**

b. ☒ The matter can be tried more expeditiously in the non-bankruptcy forum.

   **(1)** ☐ It is currently set for trial on:

   **(2)** ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*specify date*): _____. The basis for this belief is (*specify*):

   **(3)** ☒ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   **(1)** ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor.

   **(2)** ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts (*specify*):

   **(3)** ☐ Debtor does not have a reasonable likelihood of reorganizing in this chapter ☐ 11 ☐ 13 bankruptcy case based upon the following facts (*specify*):

d. ☒ For other facts justifying relief from stay, see attached continuation page.

**\*\*See attached continuation page to Youseffyeh Decl., which is incorporated herein, and Declaration of Kourosh Malekan attached thereafter**
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/20/2013 | A. DAVID YOUSSEFYEH | |
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CONTINUATION TO DECLARATION OF  A. DAVID YOUSSEFYEH

## TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## (ACTION IN NON-BANKRUPTCY FORUM)

**(Begin)**

5(d).    The Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 4, 2012.  *See* Exhibit "1" attached hereto (true and correct copy of Debtor's Chapter 7 Petition, Schedules D-F, and Mailing Matrix, respectively).  As reflected in Debtor's Schedules D through F and Master Mailing List, Movant was not listed as a creditor, nor otherwise included on the mailing list.

(e).    On or about October 6 and 7, 2012, the Court's Bankruptcy Noticing Center ("BNC") served the Court's Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "341(a) Notice") via electronic transmission and mail, respectively.  As reflected on the Certificate of Notice attached to the 341(a) Notice, Movant was not served with the 341(a) Notice, and hence did not receive notice of the existence of the Debtor's bankruptcy case.  *See* Exhibit "2" attached hereto (true and correct copy of 341(a) Notice with Certificate of Notice attached thereto).

(f).    On or about January 8 and 9, 2013, the Court's Bankruptcy Noticing Center ("BNC") served the Discharge of Debtor (the "Discharge Order") via electronic transmission and mail, respectively.  As reflected on the Certificate of Notice attached to the Discharge Order, Movant was not served with the Discharge Order, and hence did not receive notice of the existence of the Debtor's bankruptcy case then either.  *See* Exhibit "3" attached hereto (true and correct copy of Discharge Order with Certificate of Notice attached thereto).

(g).    In the meantime, Movant filed a state court complaint against the Debtor and others on or about October 16, 2012, completely unaware of the Debtor's bankruptcy case for the above reasons.  Movant later filed his First Amended Complaint on or about May 20, 2013, still unaware of the Debtor's bankruptcy case.  *See* Exhibit "4" attached hereto (true and correct copy of First Amended Complaint ).  In the First Amended Complaint, Movant alleged causes of action for 1. Fraud – Coins; 2. Fraud – Movie; 3. Negligent Misrepresentation – Coins; 4. Negligent

Misrepresentation – Movie; 5. Statutory Unfair Competition; 6. Breach of Contract – Coins; 7.

Breach of Contract – Movie; 8. Money Had and Received; 9. Accounting; 10. Conversion –

Coins; 11. Conversion – Movie; 12. Unjust Enrichment; 13. Promissory Estoppel; 14. Breach of

Fiduciary Duty.  *See* Exhibit "4."

(h).     It was not until sometime after June 5, 2013, when the Debtor filed an Amended

Schedule F in the bankruptcy court listing Movant and a Notice of Stay in the state court, that

Movant first found out about the Debtor's bankruptcy case, when I was informed of such.  *See*

Exhibits "5" and "6" attached hereto (true and correct copies of Debtor's Amended Schedule F,

and state court docket reflecting Notice of Stay filed June 5, 2013 in the state court, respectively).

(i).     As can be seen from the First Amended Complaint, Movant has alleged various

causes of action alleging fraud, conversion, breach of fiduciary duty, etc.  As a result, Movant

plans to shortly file a complaint to determine non-dischargeability of the Debtor's debt to Movant.

The only reason Movant did not file such a complaint sooner was because he was unaware of

Debtor's bankruptcy case, for the reasons set forth above.

As the Court knows, Fed.R.Bankr.Proc. 4007(b) provides that "a complaint other than

under § 523(c) may be filed at any time," while Fed.R.Bankr.Proc. 4007(c) provides that "a

complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60

days after the first date set for the meeting of creditors under § 341(a)."  However, 11 U.S.C. §

523(c) in turn refers to § 523(a)(3)(B), which provides, in pertinent part, that an individual debtor

is not discharged from any debt "(3) neither listed nor scheduled under 521(1) of this title...in time

to permit - (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection,

timely filing of a proof of claim and timely request for a determination of dischargeability of such

debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the

case in time for such timely filing and request."  Therefore, Movant contends that his debt is not

discharged, and certainly there is no bar to filing an action for non-dischargeability of such debt at

this time, as he never received notice of the bankruptcy case nor had actual knowledge of such.

(j).     In any event, the instant motion for relief from stay is being filed in order to ensure

that the state court understands that there is no impediment to Movant proceeding with its lawsuit

1   in state court, as the Debtor may attempt to claim that the lawsuit is barred by the automatic stay

2   and/or the discharge injunction, given that he just amended his Schedule J to add Movant and also

3   filed a Notice of Stay in the state court action.  Indeed, the state court has set a status conference

4   re the status of the bankruptcy for December 13, 2013.

5   //

6   ## CONTINUATION TO DECLARATION OF  A. DAVID YOUSSEFYEH

7   ## TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

8   ## (ACTION IN NON-BANKRUPTCY FORUM)

9   **(End)**

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

## **DECLARATION OF KOUROSH MALEKAN**

I, Kourosh Malekan, do hereby declare as follows:

1.      I am the Movant in this case.  I am over the age of 18.  I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

2.      Based on information just provided to me by my state court counsel A. David Youseffyeh, I am informed and believe that the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 4, 2012.  I did not receive any notice of this filing at the time it occurred, as the Debtor did not list me as a creditor or otherwise provide me notice of the filing.

3.      Mr. Youseffyeh also just informed me that on or about October 6 and 7, 2012, the Court's Bankruptcy Noticing Center served the Court's Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "341(a) Notice") for the Debtor via electronic transmission and mail, respectively.  I did not receive this notice, as I was not listed thereon.

4.      Mr. Youseffyeh also just informed on or about January 8 and 9, 2013, the Court's Bankruptcy Noticing Center served the Discharge of Debtor (the "Discharge Order") via electronic transmission and mail, respectively.  I did not receive the Discharge Order, as I was not listed thereon.

5.      It was not until sometime after June 5, 2013, when Mr. Youseffyeh informed me that the Debtor filed an Amended Schedule J in the bankruptcy court listing me and a Notice of Stay in my state court action, that I first found out about the Debtor's bankruptcy case.  Prior to then, I had never been informed of the existence of a bankruptcy case filed by the Debtor, and was unaware of such.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2013 at Beverly Hills, California.

-see attached signature page-

_____
Kourosh Malekan

## DECLARATION OF KOUROSH MALEKAN

I, Kourosh Malekan, do hereby declare as follows:

1.       I am the Movant in this case. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

2.       Based on information just provided to me by my state court counsel A. David Youseffyeh, I am informed and believe that the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 4, 2012. I did not receive any notice of this filing at the time it occurred, as the Debtor did not list me as a creditor or otherwise provide me notice of the filing.

3.       Mr. Youseffyeh also just informed me that on or about October 6 and 7, 2012, the Court's Bankruptcy Noticing Center served the Court's Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "341(a) Notice") for the Debtor via electronic transmission and mail, respectively. I did not receive this notice, as I was not listed thereon.

4.       Mr. Youseffyeh also just informed on or about January 8 and 9, 2013, the Court's Bankruptcy Noticing Center served the Discharge of Debtor (the "Discharge Order") via electronic transmission and mail, respectively. I did not receive the Discharge Order, as I was not listed thereon.

5.       It was not until sometime after June 5, 2013, when Mr. Youseffyeh informed me that the Debtor filed an Amended Schedule J in the bankruptcy court listing me and a Notice of Stay in my state court action, that I first found out about the Debtor's bankruptcy case. Prior to then, I had never been informed of the existence of a bankruptcy case filed by the Debtor, and was unaware of such.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2013 at Beverly Hills, California.

Kourosh Malekan

11

**EXHIBIT 1**

B1 (Official Form 1) (12/11)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Etesamnia, Peter Pedrom** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-9876** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**9726 Mel Dar Avenue**<br>**Downey, CA**<br><div align="right">ZIP Code<br>**90240**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors** | **Tax-Exempt Entity**<br>(Check box, if applicable) | **Nature of Debts**<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."     ☐ Debts are primarily<br>business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Etesamnia, Peter Pedrom** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| --- | --- | --- |
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| --- | --- | --- |
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
| --- | --- |
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** _/s/ Edmond Nassirzadeh, Esq._     **October  4, 2012**<br>Signature of Attorney for Debtor(s)          (Date)<br>**Edmond Nassirzadeh, Esq.** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| **Etesamnia, Peter Pedrom** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Peter Pedrom Etesamnia**
Signature of Debtor  **Peter Pedrom Etesamnia**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**October 4, 2012**
Date

#### Signature of Attorney*

X  **/s/ Edmond Nassirzadeh, Esq.**
Signature of Attorney for Debtor(s)

**Edmond Nassirzadeh, Esq. SBN: 201833**
Printed Name of Attorney for Debtor(s)

**NASS LAW FIRM**
Firm Name

**9454 Wilshire Boulevard, Suite 700**
**Beverly Hills, CA 90212**

_____
Address

                    **Email: ed@nasslawfirm.com**
**310-858-7755  Fax: 310-858-2255**
Telephone Number

**October 4, 2012**          **SBN: 201833**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B6D (Official Form 6D) (12/07)

In re   **Peter Pedrom Etesamnia** _____,   Case No. _____
                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. **xxxxxx5485**<br><br>**Mb Fin Svcs**<br>**2050 Roanoke Rd**<br>**Westlake, TX 76262** | - | | | | **Opened 9/01/08 Last Active 7/31/12**<br><br>**Auto Loan**<br><br>**Leased 2009 Mercedes Benz SL 550** | | | | | |
| | | | | | Value $              **0.00** | | | | **23,490.00** | **23,490.00** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

| | | |
|---|---|---|
| **0**   continuation sheets attached | Subtotal<br>(Total of this page) | **23,490.00** | **23,490.00** |
| | Total<br>(Report on Summary of Schedules) | **23,490.00** | **23,490.00** |

B6E (Official Form 6E) (4/10)

.

In re  **Peter Pedrom Etesamnia** _____,    Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**0**      continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **Peter Pedrom Etesamnia** _____,    Case No. _____
                                           Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **x-x1006**  **American Express** **4315 South 2700 West** **Salt Lake City, UT 84184** | - | | **7/29/2012** **Credit Card Debt** | | | | 25,707.47 |
| Account No. **xxxxxxxxxxxx9400**  **Bank of America** **100 North Tryon Street** **Charlotte, NC 28202** | - | | **Opened 1/01/02 Last Active 8/01/12** **CreditCard** | | | | 24,815.00 |
| Account No. **xxxxxxxxxxxx9691**  **Bank of America** **100 North Tryon Street** **Charlotte, NC 28202** | - | | **Opened 8/01/06 Last Active 6/11/12** **CreditCard** | | | | 11,209.00 |
| Account No. **xxxxxxxxxxxx3530**  **Bank of America** **100 North Tryon Street** **Charlotte, NC 28202** | - | | **Opened 6/01/06 Last Active 6/21/12** **CreditCard** | | | | 4,995.00 |

|  |  |
|---|---|
| __4__ continuation sheets attached | Subtotal (Total of this page)    66,726.47 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com      S/N:41334-120912   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Peter Pedrom Etesamnia**                                    ,    Case No. _____
                                           Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Beverly Wilshire Investment Co, LLC**<br>**9454 Wilshire Blvd., Suite 220**<br>**Beverly Hills, CA 90212** | - | | **2008-2009**<br>**Rental Payments** | | X | X | **Unknown** |
| Account No. **xxxxxxxxxxxx6570**<br><br>**Chase**<br>**P.o. Box 15298**<br>**Wilmington, DE 19850** | - | | **Opened  4/01/99  Last Active  8/05/12**<br>**CreditCard** | | | | **8,314.00** |
| Account No. **xxxxxxxxxxxx5854**<br><br>**Chase**<br>**P.o. Box 15298**<br>**Wilmington, DE 19850** | - | | **Opened  8/01/03  Last Active  7/22/12**<br>**CreditCard** | | | | **1,575.00** |
| Account No. **xxxx xxxx xxxx 3988**<br><br>**Chase**<br>**Po Box 15298**<br>**Wilmington, DE 19850** | - | | **8/19/2012**<br>**Credit Card Debt** | | | | **16,325.29** |
| Account No. **xxxxxxxxxxxxxx0061**<br><br>**Chase Health Advance**<br>**1111 Polaris Parkway**<br>**Columbus, OH 43240** | - | | **8/1/2012**<br>**Credit Card Debt** | | | | **4,179.37** |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**30,393.66**

B6F (Official Form 6F) (12/07) - Cont.

In re **Peter Pedrom Etesamnia** , Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxxxxx8843 | | - | | Opened 5/01/02 Last Active 7/06/12 CreditCard | | | | |
| Chase Mht Bk Attention: Bankruptcy Po Box 15298 Wilmington, DE 19850 | | | | | | | | 4,853.00 |
| Account No. xxxxxxxxxxxx6881 | | - | | Opened 4/01/00 Last Active 7/16/12 CreditCard | | | | |
| Citibank Sd, Na Attn: Centralized Bankruptcy Po Box 20507 Kansas City, MO 64195 | | | | | | | | 19,006.00 |
| Account No. xxx xx.: 5081 | | | | August 1, 2012 Credit Card Debt | | | | |
| County of San Bernardino 157 West Fifth Street, 3rd Floor San Bernardino, CA 92415 | | | | | | | | 1,198.00 |
| Account No. 2404 | | - | | 8/28/2012 Credit Card Debt | | | | |
| Discover PO Box 29033 Phoenix, AZ 85038-9033 | | | | | | | | 84.75 |
| Account No. xxxxxxxxxxxx7475 | | - | | Opened 12/01/02 Last Active 7/18/12 CreditCard | | | | |
| Discover Fin Svcs Llc Po Box 15316 Wilmington, DE 19850 | | | | | | | | 3,723.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

28,864.75

B6F (Official Form 6F) (12/07) - Cont.

In re **Peter Pedrom Etesamnia** _____,    Case No. _____
_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxxx8387**<br><br>**DMV**<br>**PO Box 942897**<br>**Sacramento, CA 94297** | - | | **9/2012**<br>**Credit Card Debt** | | | | 514.00 |
| Account No.<br><br>**Jalinous Nehouray**<br>**8725 Wilshire Boulevard**<br>**Beverly Hills, CA 90210** | - | | **Trade Debt** | | X | X | Unknown |
| Account No.<br><br>**Lionel Roza Pereira**<br>**7635 E. Firestone Blvd**<br>**Downey, CA 90241** | - | | **Trade Debt** | | | X | Unknown |
| Account No. **xxxxxxxxxxxx9803**<br><br>**Lowes / MBGA / GEMB**<br>**Attention: Bankruptcy Department**<br>**Po Box 103104**<br>**Roswell, GA 30076** | - | | **Opened 6/01/11 Last Active 7/16/12**<br>**ChargeAccount** | | | | 611.00 |
| Account No.<br><br>**Siamak Ahghari**<br>**P.O. BOX 9667**<br>**San Jose, CA 95157** | - | | **Trade Debt** | | | | Unknown |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,125.00

B6F (Official Form 6F) (12/07) - Cont.

In re __Peter Pedrom Etesamnia_____ ,    Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | 2005 Alleged Trade Debt | | | | |
| Siavash Mayelafshar c/o Maziar Mafi 1502 North Broadway Santa Ana, CA 92706 | - | | | | | X | X | |
| | | | | | | | | Unknown |
| Account No. xxxxxxxxxxxx5103 | | | | Opened 2/01/09 Last Active 7/16/12 CreditCard | | | | |
| Us Bank Cb Disputes Saint Louis, MO 63166 | - | | | | | | | |
| | | | | | | | | 6,591.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __4___ of __4___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 6,591.00 |
| | Total (Report on Summary of Schedules) | 133,700.88 |

Verification of Creditor Mailing List - (Rev. 10/05)                                                    2005 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        **Edmond Nassirzadeh, Esq.**

Address     **9454 Wilshire Boulevard, Suite 700 Beverly Hills, CA 90212**

Telephone   **310-858-7755 Fax: 310-858-2255**

■ Attorney for Debtor(s)
□ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Peter Pedrom Etesamnia** | Case No.: |
| | Chapter:          **7** |
| | |

# VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __3__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:   **October  4, 2012**                    **/s/ Peter Pedrom Etesamnia**
                                                **Peter Pedrom Etesamnia**
                                                Signature of Debtor

Date:   **October  4, 2012**                    **/s/ Edmond Nassirzadeh, Esq.**
                                                Signature of Attorney
                                                **Edmond Nassirzadeh, Esq.**
                                                **NASS LAW FIRM**
                                                **9454 Wilshire Boulevard, Suite 700**
                                                **Beverly Hills, CA 90212**
                                                **310-858-7755   Fax: 310-858-2255**

Peter Pedrom Etesamnia
9726 Mel Dar Avenue
Downey, CA 90240


Edmond Nassirzadeh, Esq.
NASS LAW FIRM
9454 Wilshire Boulevard, Suite 700
Beverly Hills, CA 90212


American Express
4315 South 2700 West
Salt Lake City, UT 84184


Bank of America
100 North Tryon Street
Charlotte, NC 28202


Beverly Wilshire Investment Co, LLC
9454 Wilshire Blvd., Suite 220
Beverly Hills, CA 90212


Chase
P.o. Box 15298
Wilmington, DE 19850


Chase
Po Box 15298
Wilmington, DE 19850


Chase Health Advance
1111 Polaris Parkway
Columbus, OH 43240

```
Chase Mht Bk
Attention: Bankruptcy
Po Box 15298
Wilmington, DE 19850


Citibank Sd, Na
Attn: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195


County of San Bernardino
157 West Fifth Street, 3rd Floor
San Bernardino, CA 92415


Discover
PO Box 29033
Phoenix, AZ 85038-9033


Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850


DMV
PO Box 942897
Sacramento, CA 94297


Fia Csna
Attn: Bankruptcy
Po Box 15102
Wilmington, DE 19886


Jalinous Nehouray
8725 Wilshire Boulevard
Beverly Hills, CA 90210
```

Lionel Roza Pereira
7635 E. Firestone Blvd
Downey, CA 90241


Lowes / MBGA / GEMB
Attention: Bankruptcy Department
Po Box 103104
Roswell, GA 30076


Remittance Processing Center
Central Collections
172 West 3rd Street, 1st Floor
San Bernardino, CA 92415


Siamak Ahghari
P.O. BOX 9667
San Jose, CA 95157


Siavash Mayelafshar
c/o Maziar Mafi
1502 North Broadway
Santa Ana, CA 92706


Us Bank
Cb Disputes
Saint Louis, MO 63166

# EXHIBIT 2

United States Bankruptcy Court
Central District of California

In re:                                                                      Case No. 12-43661-TD
Peter Pedrom Etesamnia                                                      Chapter 7
                Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-2            User: jzariC          Page 1 of 2          Date Rcvd: Oct 05, 2012
                               Form ID: b9a           Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 07, 2012.
db           +Peter Pedrom Etesamnia,     9726 Mel Dar Avenue,    Downey, CA 90240-3324
smg           Los Angeles City Clerk,     P.O. Box 53200,   Los Angeles, CA 90053-0200
32726765     +Beverly Wilshire Investment Co, LLC,     9454 Wilshire Blvd., Suite 220,
              Beverly Hills, CA 90212-2903
32726768     +Chase Health Advance,    1111 Polaris Parkway,    Columbus, OH 43240-2031
32726771     +County of San Bernardino,     157 West Fifth Street, 3rd Floor,    San Bernardino, CA 92415-0225
32726774     +DMV,    PO Box 942897,    Sacramento, CA 94297-0897
32726776     +Jalinous Nehouray,    8725 Wilshire Boulevard,    Beverly Hills, CA 90211-2701
32726777     +Lionel Roza Pereira,    7635 E. Firestone Blvd,    Downey, CA 90241-4205
32726779     +Remittance Processing Center,     Central Collections,    172 West 3rd Street, 1st Floor,
              San Bernardino, CA 92415-0320
32726780     +Siamak Ahghari,    P.O. BOX 9667,    San Jose, CA 95157-0667
32726781     +Siavash Mayelafshar,    c/o Maziar Mafi,    1502 North Broadway,    Santa Ana, CA 92706-3907
32726782      Us Bank,    Cb Disputes,    Saint Louis, MO 63166

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty           E-mail/Text: ed@nasslawfirm.com Oct 06 2012 02:45:35     Edmond Nassirzadeh,   Nass Law Firm,
              9454 Wilshire Blvd Ste 700,    Beverly Hills, CA 90212
tr           +EDI: QJMRUND.COM Oct 06 2012 02:33:00     Jason M Rund (TR),    Sheridan & Rund,
              840 Apollo Street, Suite 351,    El Segundo, CA 90245-4762
smg           EDI: EDD.COM Oct 06 2012 02:33:00     Employment Development Dept.,    Bankruptcy Group MIC 92E,
              P.O. Box 826880,    Sacramento, CA  94280-0001
smg           EDI: CALTAX.COM Oct 06 2012 02:33:00     Franchise Tax Board,    Bankruptcy Section MS: A-340,
              P.O. Box 2952,    Sacramento, CA  95812-2952
32726763     +EDI: AMEREXPR.COM Oct 06 2012 02:33:00     American Express,    4315 South 2700 West,
              Salt Lake City, UT 84184-0002
32726764     +EDI: BANKAMER2.COM Oct 06 2012 02:33:00     Bank of America,    100 North Tryon Street,
              Charlotte, NC 28202-4000
32726766     +EDI: CHASE.COM Oct 06 2012 02:33:00     Chase,   P.O. Box 15298,    Wilmington, DE 19850-5298
32726769     +EDI: CHASE.COM Oct 06 2012 02:33:00     Chase Mht Bk,    Attention: Bankruptcy,    Po Box 15298,
              Wilmington, DE 19850-5298
32726770     +EDI: CITICORP.COM Oct 06 2012 02:33:00     Citibank Sd, Na,    Attn: Centralized Bankruptcy,
              Po Box 20507,    Kansas City, MO 64195-0507
32726772      EDI: DISCOVER.COM Oct 06 2012 02:33:00     Discover,    PO Box 29033,    Phoenix, AZ 85038-9033
32726773     +EDI: DISCOVER.COM Oct 06 2012 02:33:00     Discover Fin Svcs Llc,    Po Box 15316,
              Wilmington, DE 19850-5316
32726775     +EDI: BANKAMER2.COM Oct 06 2012 02:33:00     Fia Csna,    Attn: Bankruptcy,    Po Box 15102,
              Wilmington, DE 19886-5102
32726778     +EDI: RMSC.COM Oct 06 2012 02:33:00     Lowes / MBGA / GEMB,    Attention: Bankruptcy Department,
              Po Box 103104,    Roswell, GA 30076-9104
                                                                                          TOTAL: 13

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
32726767*    +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
                                                                           TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 07, 2012**              **Signature:** *Joseph Speetjens*

District/off: 0973-2         User: jzariC              Page 2 of 2                 Date Rcvd: Oct 05, 2012
                             Form ID: b9a              Total Noticed: 25

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 4, 2012 at the address(es) listed below:
          Edmond  Nassirzadeh    on behalf of Debtor Peter Etesamnia ed@nasslawfirm.com,
           ecfbestcase@gmail.com
          Jason M Rund (TR)    trustee@srlawyers.com,  jrund@ecf.epiqsystems.com
          United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                         TOTAL: 3

**B9A (Official Form 9A)** (Chapter 7 Individual or Joint Debtor No Asset Case) (12/11)

## UNITED STATES BANKRUPTCY COURT    Central District Of California

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on October 4, 2012.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| Debtor(s) (name(s) and address):<br>Peter Pedrom Etesamnia<br>9726 Mel Dar Avenue<br>Downey, CA 90240 | **Case Number:**<br>**2:12−bk−43661−TD** |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer−ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx−xx−9876 |
| Attorney for Debtor(s) (name and address):<br>Edmond Nassirzadeh<br>Nass Law Firm<br>9454 Wilshire Blvd Ste 700<br>Beverly Hills, CA 90212<br>Telephone number: 310−858−7755 | Bankruptcy Trustee (name and address):<br>Jason M Rund (TR)<br>Sheridan & Rund<br>840 Apollo Street, Suite 351<br>El Segundo, CA 90245<br>Telephone number: (310) 640−1200 |

## Meeting of Creditors

Date: **October 31, 2012**    Time: **11:00 AM**

Location: **725 S Figueroa St., Room 103, Los Angeles, CA 90017**

## Presumption of Abuse under 11 U.S.C. § 707(b)

See *"Presumption of Abuse"* on the reverse side
The presumption of abuse does not arise.

## Deadlines

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: December 31, 2012**

**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Telephone number: 213−894−3118 | **For the Court:** |
|---|---|
| | Clerk of the Bankruptcy Court:<br>Kathleen J. Campbell |
| Hours Open: 9:00 AM − 4:00 PM | Date: October 5, 2012 |
| **(Form rev. 12/11:341−B9A)** | / |

Imaged Certificate of Notice    Page 3 of 4

| | EXPLANATIONS | B9A (Official Form 9A)(12/11) |
|---|---|---|

| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
|---|---|
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. *The trustee is designated to preside at the meeting of creditors. The case is covered by the Chapter 7 blanket bond on file with the Court.* |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint or a motion if you assert the discharge should be denied under § 727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial Section 341(a) meeting of creditors and any continuance thereof, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the Court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section. **SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir del 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 725 S. Figueroa Street, 26th Floor, Los Angeles, CA 90017. |

**–– Refer to Other Side for Important Deadlines and Notices ––**

**EXHIBIT 3**

United States Bankruptcy Court
Central District of California

In re:                                                                        Case No. 12-43661-TD
Peter Pedrom Etesamnia                                                        Chapter 7
              Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-2          User: admin          Page 1 of 2          Date Rcvd: Jan 07, 2013
                             Form ID: b18          Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 09, 2013.
db        +Peter Pedrom Etesamnia,    9726 Mel Dar Avenue,    Downey, CA 90240-3324
smg        Los Angeles City Clerk,    P.O. Box 53200,    Los Angeles, CA 90053-0200
32726765  +Beverly Wilshire Investment Co, LLC,    9454 Wilshire Blvd., Suite 220,
           Beverly Hills, CA 90212-2903
32726768  +Chase Health Advance,    1111 Polaris Parkway,    Columbus, OH 43240-2031
32726771  +County of San Bernardino,    157 West Fifth Street, 3rd Floor,    San Bernardino, CA 92415-0225
32726774  +DMV,    PO Box 942897,    Sacramento, CA 94297-0897
32726776  +Jalinous Nehouray,    8725 Wilshire Boulevard,    Beverly Hills, CA 90211-2701
32726777  +Lionel Roza Pereira,    7635 E. Firestone Blvd,    Downey, CA 90241-4205
32726779  +Remittance Processing Center,    Central Collections,    172 West 3rd Street, 1st Floor,
           San Bernardino, CA 92415-0320
32726780  +Siamak Aghghari,    P.O. BOX 9667,    San Jose, CA 95157-0667
32726781  +Siavash Mayelafshar,    c/o Maziar Mafi,    1502 North Broadway,    Santa Ana, CA 92706-3907
32726782   Us Bank,    Cb Disputes,    Saint Louis, MO 63166

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr        +EDI: QJMRUND.COM Jan 08 2013 04:08:00     Jason M Rund (TR),    Sheridan & Rund,
           840 Apollo Street, Suite 351,    El Segundo, CA 90245-4762
smg        EDI: EDD.COM Jan 08 2013 04:13:00     Employment Development Dept.,    Bankruptcy Group MIC 92E,
           P.O. Box 826880,    Sacramento, CA  94280-0001
smg        EDI: CALTAX.COM Jan 08 2013 04:13:00     Franchise Tax Board,    Bankruptcy Section MS: A-340,
           P.O. Box 2952,    Sacramento, CA  95812-2952
32726763  +EDI: AMEREXPR.COM Jan 08 2013 04:13:00     American Express,    4315 South 2700 West,
           Salt Lake City, UT 84184-0002
32726764  +EDI: BANKAMER2.COM Jan 08 2013 04:13:00     Bank of America,    100 North Tryon Street,
           Charlotte, NC 28202-4000
32726766  +EDI: CHASE.COM Jan 08 2013 04:13:00     Chase,    P.O. Box 15298,    Wilmington, DE 19850-5298
32726769  +EDI: CHASE.COM Jan 08 2013 04:13:00     Chase Mht Bk,    Attention: Bankruptcy,    Po Box 15298,
           Wilmington, DE 19850-5298
32726770  +EDI: CITICORP.COM Jan 08 2013 04:13:00     Citibank Sd, Na,    Attn: Centralized Bankruptcy,
           Po Box 20507,    Kansas City, MO 64195-0507
32726772   EDI: DISCOVER.COM Jan 08 2013 04:13:00     Discover,    PO Box 29033,    Phoenix, AZ 85038-9033
32726773  +EDI: DISCOVER.COM Jan 08 2013 04:13:00     Discover Fin Svcs Llc,    Po Box 15316,
           Wilmington, DE 19850-5316
32726775  +EDI: BANKAMER2.COM Jan 08 2013 04:13:00     Fia Csna,    Attn: Bankruptcy,    Po Box 15102,
           Wilmington, DE 19886-5102
32726778  +EDI: RMSC.COM Jan 08 2013 04:13:00     Lowes / MBGA / GEMB,    Attention: Bankruptcy Department,
           Po Box 103104,    Roswell, GA 30076-9104
                                                                                          TOTAL: 12

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
32726767*  +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
                                                                          TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 09, 2013**                    **Signature:**   _Joseph Speetjens_

District/off: 0973-2          User: admin              Page 2 of 2              Date Rcvd: Jan 07, 2013
                             Form ID: b18              Total Noticed: 24

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 7, 2013 at the address(es) listed below:
          Edmond  Nassirzadeh    on behalf of Debtor Peter Etesamnia ed@nasslawfirm.com,
           ecfbestcase@gmail.com
          Jason M Rund (TR)     trustee@srlawyers.com,  jrund@ecf.epiqsystems.com
          United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                        TOTAL: 3

B18 (Official Form 18)(12/11)

# United States Bankruptcy Court
# Central District Of California

255 East Temple Street, Los Angeles, CA 90012

## DISCHARGE OF DEBTOR

**DEBTOR INFORMATION:**
Peter Pedrom Etesamnia

**BANKRUPTCY NO.** 2:12−bk−43661−TD

**CHAPTER** 7

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):**   xxx−xx−9876
**Employer Tax−Identification (EIN) No(s).(if any):**   N/A
**Debtor Discharge Date:** 1/7/13

**Address:**
9726 Mel Dar Avenue
Downey, CA 90240

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). SEE THE BACK OF THIS ORDER FOR EXCEPTIONS AND OTHER IMPORTANT INFORMATION.

BY THE COURT,

Dated: January 7, 2013

**Kathleen J. Campbell**
Clerk of the Court

---

*  Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social−security numbers or individual taxpayer−identification numbers.*

B18 (Official Form 18) Cont.
Rev.(12/11)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court, under section 523 of the Bankruptcy Code or other applicable law, specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**EXHIBIT 4**

1  A. David Youssefyeh (185994)
   Liza Youssefyeh (192945)
2  ADIY LAW GROUP, P.C.
   1925 Century Park East, Suite 1380
3  Los Angeles, California 90067
   Telephone:   (310) 772-2872
4  Facsimile:   (310) 772-0020

5  Attorneys for Plaintiff,
   KOUROSH MALEKAN

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES, WEST DISTRICT

10

11  KOUROSH MALEKAN, an individual,          Case No.  SC118749

12         Plaintiff,                        Assigned: Hon. Allan J. Goodman
                                             Dept: P
13      vs.

14                                           **FIRST AMENDED COMPLAINT**
    PETER ETESAMNIA aka PEDRAM
15  ETESAMNIA, an individual; JALINOUS       1.  **FRAUD – COINS**
    NEHOURAY, an individual; EMPIRE          2.  **FRAUD – MOVIE**
16  GLOBAL MINT, INC., a California          3.  **NEGLIGENT MISREPRESENTATION –**
    corporation; PARS MINT, INC., a California       **COINS**
17  corporation; DEMETRIUS NAVARRO, an       4.  **NEGLIGENT MISREPRESENTATION –**
    individual; D STREET FILMS, LLC, a               **MOVIE**
18  California limited liability company; and 5.  **STATUTORY UNFAIR COMPETITION**
    DOES 1-10,                               6.  **BREACH OF CONTRACT – COINS**
19                                           7.  **BREACH OF CONTRACT – MOVIE**
                                             8.  **MONEY HAD AND RECEIVED**
20         Defendants.                       9.  **ACCOUNTING**
                                             10. **CONVERSION – COINS**
21                                           11. **CONVERSION – MOVIE**
                                             12. **UNJUST ENRICHMENT**
22                                           13. **PROMISSORY ESTOPPEL**
                                             14. **BREACH OF FIDUCIARY DUTY**
23

24

25

26

27                       **I.  INTRODUCTION**

28  1.      This case involves the abuse of friendship and trust by the individual Defendants to

perpetuate fraud.

## II.  PARTIES

2.      Plaintiff <u>Kourosh Malekan</u> (hereinafter "Plaintiff") is, and at all relevant times mentioned herein was, an individual living in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes that Defendant <u>Peter Etesamnia, aka Pedram Etesamnia</u> ("Etesamnia") is, and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes that Defendant <u>Jalinous Nehouray</u> ("Nehouray") is, and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

5.      Plaintiff is informed and believes that Defendant <u>Empire Global Mint</u> ("Empire") is a corporation organized under the laws of the State of California with its principal place of business in Los Angeles County.

6.      Plaintiff is informed and believes that Defendant <u>Pars Mint</u> ("Pars") is a corporation organized under the laws of the State of California with its principal place of business in Los Angeles County.

7.      Plaintiff is informed and believes that Defendant <u>Demetrius Navarro</u> ("Navarro") is, and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

8.      Plaintiff is informed and believes that Defendant <u>D Street Fims</u> ("D Street") is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles County.

9.      Plaintiff is uncertain of the true names and capacities of Defendants sued herein as Does 1 through 10, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to show their true names and capacities when such is ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants sued herein as DOES 1 through 10, inclusive, is in some manner legally responsible for the wrongful acts alleged herein.

–2–

10.    Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, each Defendant was the agent, employee, partner, member, subsidiary or related corporation, alter ego and/or joint venturer of each of the other Defendants and was acting within the course and scope of that relationship and with the knowledge, consent and/or ratification of each of the other Defendants.

11.    This action is not subject to the provisions of California Civil Code Section 1812.10 or Section 2984.4.

### III. ALTER EGO ALLEGATIONS

12.    At all times mentioned herein Defendants Etesamnia, Nehouray, and Does 1-10, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and alter egos of Defendants Empire and Pars, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and alter egos of Defendants Empire and Pars.

13.    There exists, and at all times herein mentioned existed, a unity of ownership between Defendants Etesamnia, Nehouray, and Does 1-10, on the one hand, and Defendants Empire and Pars and the other hand, such that any individuality and separateness between Defendants Etesamnia, Nehouray, and Does 1-10 and Defendants Empire and Pars have ceased and Defendants Empire and Pars are the alter egos of Defendants Etesamnia, Nehouray, and Does 1-10.

14.    Plaintiff is informed and believes that Defendants Empire and Pars are, and at all times herein mentioned were, the alter ego of Defendants Etesamnia, Nehouray, and Does 1-10 and there exists, and at all times herein mentioned has existed a unity of interest and ownership between such Defendants such that any separateness has ceased to exist and that Defendants Etesamnia, Nehouray, and Does 1-10 may have used the assets of the corporation for their personal use, causing the assets of the corporation to be transferred to them without adequate consideration, and that they also withdrew funds from Defendants Empire and Pars' bank accounts for their personal use.

–3–

15.     Plaintiff is informed and believes that Defendants Etesamnia, Nehouray, and Does 1-10, on one hand, and Defendants Empire and Pars, on the other hand, are and at all times herein mentioned were, alter egos of each other and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between such Defendants such that any separateness between them has ceased to exist in that Defendants Etesamnia, Nehouray, and Does 1-10 completely, controlled, dominated, managed and operated the corporate Defendants and commingled assets to suit the convenience of Defendants Etesamnia, Nehouray, and Does 1-10.

16.     Plaintiff is informed and believes that Defendants Empire and Pars are, and at all times herein mentioned were, a mere shell, instrumentality, and conduit through which Defendants Etesamnia, Nehouray, and Does 1-10 carried on their business in corporate name exactly as they had conducted prior to incorporation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Defendants Empire and Pars and Defendants Etesamnia, Nehouray, and Does 1-10 does not exist and at all times herein mentioned did not exist.

17.     Plaintiff is informed and believes that at all times mentioned herein, including but not limited to the time they entered into the contracts with Plaintiff, Defendants Empire and Pars were severely undercapitalized and were unable to satisfy their financial obligations to Plaintiff such that the adherence to the fiction of separate existence between Empire and Pars, on one hand, and Etesamnia, Nehouray, and the Doe Defendants, and on the other hand, would sanction fraud and promote injustice.

18.     Plaintiff is informed and believes that adherence of fiction of separate existence of Defendants Empire and Pars as entities distinct from Defendants Etesamnia, Nehouray, and Does 1-10 would permit an abuse of the corporate privilege and sanction fraud and promote injustice, as the alter ego Defendants have deliberately rendered the corporate Defendants financially unable to respond to money judgment.

– 4 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV. FACTS

## *The Commemorative Coins*

19.     Plaintiff Kourosh Malekan and Defendant Nehouray were friends for many years.

20.     On or about October 15, 2007, Defendant Nehouray introduced Plaintiff to Defendant Etesamnia and told him about a business idea that Defendant Nehouray was planning to execute with Defendant Etesamnia. In particular, Defendants Nehouray and Etesamnia revealed to Plaintiff that they had formed two companies for the purpose of producing commemorative gold coins for sale to the public.

21.     To that end, Nehouray represented to Plaintiff that they had formed two companies for the purpose of executing these plans: 1) Defendant Pars Mint, Inc. and 2) Defendant Empire Global Mint, Inc.

22.     Defendants Nehouray and Etesamnia represented to Plaintiff that Defendant Pars was formed to produce and sell a gold coin commemorating Iranian Statesman Amir Kabir, a historical figure famous in Iran (there is a long tradition of Iranians taking gold coins as gifts for each other for various celebratory events, including weddings).

23.     Defendants Nehouray and Etesamnia also represented to Plaintiff that Defendant Empire Global Mint was formed for the purpose of producing and selling coins bearing licensed images from Fox studios, Playboy and other famous brands.

24.     In fact, Defendants provided Plaintiff with a conceptual design of the Amir Kabir coin – thus showing their work on the mold was imminent.

25.     Defendants Nehouray and Etesamnia further represented to Plaintiff that there is extensive demand for the coins and that in return for a $160,000 investment in the two companies, he would receive a 50% equity stake in each of the two companies.

26.     Over the next 30 days, Plaintiff gave Defendants $160,000 in cash and checks.

27.     Soon after providing the funds to the Defendants, however, Defendants Nehouray and Etesamnia started asking Plaintiff for more funds, representing that the costs of development and production of the coins are higher than what they expected, but that their

– 5 –

licensing plans are progressing so well that they will soon have the rights to produce coins for multiple major licensees including, but not limited to, Fox and Playboy.

28.     During this time Plaintiff Malekan was the primary caregiver to his cancer ridden father and was unable to devote a lot of time to following Defendants' progress. As such, and based on his longtime friendship with Defendant Nehouray, and Defendants' multiple assurances that the project was moving along, over the next year, Plaintiff provided Defendants with another $200,000 in cash and checks.

29.     In 2009, although there was still no production of the coins, Defendants showed Plaintiff a "sample" Amir Kabir coin and show him plans for other coins that are "about to be produced." As such, Defendants kept stringing Plaintiff along with promises of riches from coins. In fact, in November 2009, Plaintiff made one last payment to Defendants in the amount of $12,500.

30.     Until in or about June 2010, Defendants Nehouray and Etesamnia continued to give Plaintiff updates on the alleged work they were doing on the project and continued to state they were moving forward on the plan to manufacture the coins.

31.     To date, however, Defendants have not only been unable to produce a single commemorative coin, they have been unable to produce the mold that was to serve as the basis of the coins.

32.     Plaintiff has made multiple demands from Defendants for an accounting of the monies that he provided them and a mold of the coin(s), but to date, Defendants have refused to provide him with anything.

*The Movie Production Investment*

33.     In, or about, October 27, 2008, Defendants Nehouray and Etesamnia approached Plaintiff with an investment opportunity in a movie.  Defendants Nehouray and Etesamnia presented to Plaintiff that they had invested in a film project, and that he too should invest in the project.  As such, they introduced Plaintiff to Defendant Navarro.

–6–

34.    Prior to making an investment, Plaintiff met with Defendant Demetrius Navarro who told him that he is the President of Defendant D Street and that Defendants Nehouray and Etesamnia had already invested in Defendant D Street and that the purpose of the investment was to create a movie.

35.    The terms of the investment were as follows: 1) Plaintiff would get credit as "Co-Executive Producer;" and 2) Plaintiff would receive 13.33% of the films' gross receipts.

36.    Based upon Defendants Nehouray, Navarro and Etesamnia's representations that: 1) Nehouray and Etesamnia had invested in the movie; 2) the movie was about to be made; and 3) the movie would be successful, in or about October 2008, Plaintiff invested $25,000 in a film project with Defendant D Street.

37.    Plaintiff is informed and believes that Defendants Nehouray and Etesamnia had in fact never invested in the movie, and that D Street Films and Demetrius Navarro were fronts for Defendants Nehouray and Etesamnia and that after Plaintiff invested $25,000 in the movie, Defendants Nehouray, Navarro and Etesamnia, split up his funds for their personal gain and that there was no movie to be made.

38.    Although Plaintiff has asked Defendants for information concerning the movie, and in spite of the fact that Defendants Navarro, Nehouray and Etesamnia have made multiple representations to Plaintiff that the movie is being made, to date, there is no movie and no accounting of Plaintiff's funds invested in the movie.

## V.  FIRST CAUSE OF ACTION

### FRAUD - COINS

### (Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)

39.    Plaintiff refers to paragraphs 1 through 38 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

40.    Starting on, or about, October 2007, and continuing until June 2010, Defendants, and each of them, engaged in a course of conduct, representations, and business pretenses whereby Defendants, and each of them, falsely and fraudulently represented to

–7–

Plaintiff that: 1) they were starting a business to produce and sell commemorative coins;  2) they had experience in this business; 3) the monies received from Plaintiff were all going into the production of commemorative coins; 4) the cost of the production of the commemorative coins have ballooned beyond the initial $160,000 budget; 5) they had a mold of the Amir Kabir commemorative coin that was ready to be used in production of the coin; 6) they had experience and connections in the coin business; and 7) based upon their experience this would be a safe investment.

41.     The representations made by Defendants were in fact false. The true facts were that Defendants, and each of them, were using the "commemorative coins" as a ruse to separate Plaintiff from his money and that they had no intention of ever producing commemorative coins or giving Plaintiff his money back.

42.     When Defendants, and each of them, made the representations, they knew them to be false, and Defendants and each of them, made these representations with the intent to deceive and defraud Plaintiff and induce Plaintiff to act in the manner herein alleged.

43.     Plaintiff, at the time these representations were made by Defendants, and each of them, and at the time Plaintiff took the actions alleged, was ignorant of their falsity and believed them to be true. In reliance on these representations, Plaintiff was induced to and did act as indicated herein. Had Plaintiff known the actual facts, he would not have taken such action and given his funds to the Defendants. Plaintiff's reliance on these representations was justified because of the long standing friendship between him and Defendant Nehouray and the representations made to Plaintiff by the Defendants.

44.     As a proximate result of the fraud and deceit of Defendants, and each of them, as herein alleged, Plaintiff was induced to engage in business with Defendants, and each of them, by reason of which he has been damaged in an amount to be determined at trial but over the jurisdictional minimum of this Court, together with interest at the proper legal rate from October 2007.

45.     Plaintiff is informed and believes and thereon alleges that these Defendants, and each of them, acted with oppression, fraud, malice and in conscious disregard of the rights

– 8 –

of Plaintiff. Plaintiff prays that this Court award punitive damages by way of example

against these Defendants to be determined by the Court at the time of trial within the

jurisdictional limits of this court.

## VI.  SECOND CAUSE OF ACTION

### FRAUD - MOVIE

### (Against All Defendants)

46.    Plaintiff refers to paragraphs 1 through 45 of this Complaint and incorporates those

paragraphs by reference as though fully set forth in this section.

47.    Starting on, or about, October 2007, and continuing until June 2010, Defendants,

and each of them, engaged in a course of conduct, representations, and business

pretenses whereby Defendants, and each of them, falsely and fraudulently represented to

Plaintiff that: 1) they were about to start production in a movie;  2) they had all invested in

the movie; 3) the monies received from Plaintiff were all going into the production of the

movie; 4) the Plaintiff would recoup his investment; 5) there would be profits from the

movie; and 6) Plaintiff would be able to participate in the profits.

48.    The representations made by Defendants were in fact false. The true facts were that

Defendants, and each of them, were using the "movie" as a ruse to separate Plaintiff from

his money and that they had no intention of ever producing a movie or giving Plaintiff back

any of the monies that he invested with them.

49.    When Defendants, and each of them, made the representations, they knew them to

be false, and Defendants and each of them, made these representations with the intent to

deceive and defraud Plaintiff and induce Plaintiff to act in the manner herein alleged.

50.    Plaintiff, at the time these representations were made by Defendants, and each of

them, and at the time Plaintiff took the actions alleged, was ignorant of their falsity and

believed them to be true. In reliance on these representations, Plaintiff was induced to and

did act as indicated herein. Had Plaintiff known the actual facts, he would not have taken

such action and given his funds to the Defendants. Plaintiff's reliance on these

representations was justified because of the long standing friendship between him and
Defendant Nehouray and the representations made to Plaintiff by the Defendants.

51.     As a proximate result of the fraud and deceit of Defendants, and each of them, as
herein alleged, Plaintiff was induced to engage in business with Defendants, and each of
them, by reason of which he has been damaged in an amount to be determined at trial but
over the jurisdictional minimum of this Court, together with interest at the proper legal rate
from October 2007.

52.     Plaintiff is informed and believes and thereon alleges that these Defendants, and
each of them, acted with oppression, fraud, malice and in conscious disregard of the rights
of Plaintiff. Plaintiff prays that this Court award punitive damages by way of example
against these Defendants to be determined by the Court at the time of trial within the
jurisdictional limits of this Court.

## VII. THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION - COINS

**(Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)**

53.     Plaintiff refers to paragraphs 1 through 52 of this Complaint and incorporates those
paragraphs by reference as though fully set forth in this section.

54.     When Defendants made the representations to Plaintiff as set forth in particular in
the previously alleged paragraphs herein incorporated, they had no reasonable ground for
believing these representations to be true and made the representations with the intent to
induce Plaintiff into providing Defendants the monies previously alleged.

55.     As a result of Defendants' negligent misrepresentations, Plaintiff has been damaged
in an amount to be determined at trial but over the jurisdictional minimum of this Court,
together with interest at the proper legal rate from October 2007.

//

– 10 –

## VIII. FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION - MOVIE

### (Against All Defendants)

56.     Plaintiff refers to paragraphs 1 through 56 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

57.     When Defendants made the representations to Plaintiff as set forth in particular in the previously alleged paragraphs herein incorporated, they had no reasonable ground for believing these representations to be true and made the representations with the intent to induce Plaintiff into providing Defendants the monies previously alleged.

58.     As a result of Defendants' negligent misrepresentations, Plaintiff has been damaged in an amount to be determined at trial but over the jurisdictional minimum of this Court, together with interest at the proper legal rate from October 2007.

## IX. FIFTH CAUSE OF ACTION

## STATUTORY UNFAIR COMPETITION

### (Against All Defendants)

59.     Plaintiff refers to paragraphs 1 through 58 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

60.     The Defendants' conduct alleged herein, as well as the acceptance of the benefits of said acts by Defendants Etesamnia, Nehouray and Navarro, with knowledge of their wrongful source, constitutes unlawful, unfair and fraudulent competition and violates California Business & Professions Code § 17200.  In particular, Defendants: 1) stole, by false pretenses, Plaintiff's personal property; 2) failed to maintain proper, accurate and complete books and records for Defendants Empire and Pars; 3) made multiple misrepresentations about the status of Empire and Pars; 4) lied about how close they were to producing commemorative coins for sale; 5) failed to disclose to Plaintiff that Defendant D Street was a front for Defendants and that they had not invested in the film project; 6) had no intention of ever sharing any of the profits from the commemorative coins with the

– 11 –

Plaintiff; 7) even if they had intention of sharing profits with Plaintiff, they never did share

the profits with the Plaintiff; 8) had no intention of producing any movie so that there was no

"film project;" 7) even if there was a film project, they had no intention of sharing the profits

from the movie with the Plaintiff or to give him proper credit.

61.     As a direct and proximate result of Defendants' intentional actions, Plaintiff has and

will continue to suffer substantial pecuniary losses.

62.     Plaintiff is informed and believes that the Doe Defendants agreed and conspired to

engage in the acts of unfair competition and that all Defendants encouraged, ratified and/or

accepted the benefits of such acts of the others.

63.     Accordingly, Plaintiff is entitled to restitution of any benefits received by Defendants

from their acts of unfair competition.

64.     Plaintiff also seeks appropriate injunctive relief to prevent Defendants from engaging

any further in such acts of unfair competition.

65.     Plaintiff is informed and believes and thereon alleges that these Defendants, and

each of them, acted with oppression, fraud, malice and in conscious disregard of the rights

of Plaintiff. Plaintiff prays that this Court award punitive damages by way of example

against these Defendants to be determined by the Court at the time of trial within the

jurisdictional limits of this Court.


## X. SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT - COINS

**(Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)**

66.     Plaintiff refers to paragraphs 1 through 65 of this Complaint and incorporates those

paragraphs by reference as though fully set forth in this section.

67.     On or about October 2007, Plaintiff and Defendants entered into written contracts

and/or agreements wherein Plaintiff agreed to provide certain sums of money to

Defendants Nehouray and Etesamnia, in return for them using the money to produce

– 12 –

commemorative coins and provide Plaintiff 50% of the profits from the sale of
commemorative coins ("Agreement").

68.    Pursuant to said Agreement, Plaintiff has performed all of the terms and conditions
on his part to be performed. Any and all non-performance on Plaintiff's part was and is
excused by the Defendants' acts, omissions and/or other conduct.

69.    Defendants breached said Agreement by failing and refusing to use the funds to
produce commemorative coins and/or refusing to share the profits from these coins with the
Plaintiff.

70.     As a result of Defendants' breach of contract, Plaintiff has been damaged in an
amount to be determined at trial but over the jurisdictional minimum of this Court, together
with interest at the proper legal rate from October 2007.

## XI. SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT - MOVIE

### (Against Defendants Navarro, D Street and DOES 1-10)

71.    Plaintiff refers to paragraphs 1 through 70 of this Complaint and incorporates those
paragraphs by reference as though fully set forth in this section.

72.    On or about October 2007, Plaintiff and Defendants entered into written contracts
and/or agreements wherein Plaintiff agreed to provide certain sums of money to
Defendants D Street and Navarro, in return for "Co-Producer" credit and 13.33% of the
profits from a movie ("Agreement").

73.    Pursuant to said Agreement, Plaintiff has performed all of the terms and conditions
on his part to be performed. Any and all non-performance on Plaintiff's part was and is
excused by the Defendants' acts, omissions and/or other conduct.

74.    Defendants breached said Agreement by failing and refusing to use the funds to
produce a movie and/or refusing to give Plaintiff proper credit in the movie and/or sharing
the profits from the movie with the Plaintiff.

– 13 –

75.    As a result of Defendants' breach of contract, Plaintiff has been damaged in an amount to be determined at trial but over the jurisdictional minimum of this Court, together with interest at the proper legal rate from October 2007.

## XII. EIGHTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED

### (Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)

76.    Plaintiff refers to paragraphs 1 through 75 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

77.    Within the past four (4) years, Defendants became indebted to Plaintiff for money had and received by Defendants for the use and benefit of Plaintiff.  Although demand therefore has been made, no part of such debt has been repaid and such debt remains due together with interest at the legal rate.

## XIII. NINTH CAUSE OF ACTION

### ACCOUNTING

### (Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)

78.    Plaintiff refers to paragraphs 1 through 77 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

79.    As a 50% owner of Defendants Empire and Pars, Plaintiff is entitled to a periodic accounting of the assets and liabilities of the entities. Plaintiff is informed and believes that Defendants Etesamnia and Nehouray maintain the books and records of Empire and Pars.

80.    Plaintiff has made repeated demands upon Defendants Etesamnia and Nehouray to provide him with an accounting of the activities, assets and liabilities of Empire and Pars and to make their books and records available to Plaintiff for review, but to date, they have refused.

81.    An accounting is necessary to determine the assets and liabilities of Empire and Pars and the respective rights, liabilities and interests of their shareholders.

82.     Plaintiff is entitled to an order requiring Defendants Etesamnia and Nehouray to provide the book and records, as well as an accounting of the assets and liabilities of Empire and Pars.

## XIV. TENTH CAUSE OF ACTION

### CONVERSION - COINS

**(Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)**

83.     Plaintiff refers to paragraphs 1 through 82 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

84.     Plaintiff is informed and believes that throughout the time Defendants Etesamnia and Nehouray exercised control over Defendants Empire and Pars, Defendants have made profits from their activities as noted herein, and have willfully retained all such proceeds and refused to account for them to Plaintiff.

85.     Plaintiff is also informed and believes that Defendants converted such profits for their own personal use.

86.     Plaintiff is also informed and believes that Defendants have taken the funds Plaintiff provided to Empire and Pars and used it for their own personal benefit.

87.     Plaintiff is also informed and believes that Does 1-10 conspired with Defendants and assisted in, participated in and/or ratified their actions in such conversion, and have received, directly or indirectly, some of the proceeds of such acts of conversion.

88.     Plaintiff has duly made demand upon Defendants to account for said profits, but Defendants have refused to comply.

89.     As a proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be determined at trial but above the jurisdictional minimum of this Court.

90.     Plaintiff is entitled to the return of the profits and all proceeds and rights pertaining to or derived from such profits.

91.     Plaintiff is entitled to an accounting and to a constructive trust on the profits and all proceeds and rights pertaining to or derived from such profits.

– 15 –

92.     Plaintiff is informed and believes and thereon alleges that these Defendants, and each of them, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff. Plaintiff prays that this Court award punitive damages by way of example against these Defendants to be determined by the Court at the time of trial within the jurisdictional limits of this court.

## XV. ELEVENTH CAUSE OF ACTION

### CONVERSION - MOVIE

### (Against All Defendants)

93.     Plaintiff refers to paragraphs 1 through 92 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

94.     Plaintiff is informed and believes that throughout the time Defendants Etesamnia, Navarro and Nehouray exercised control over Defendant D Street, Defendants have made profits from their activities as noted herein, and have willfully retained all such proceeds and refused to account for them to Plaintiff.

95.     Plaintiff is also informed and believes that Defendants converted such profits for their own personal use.

96.     Plaintiff is informed and believes that throughout the time Defendants Etesamnia, Navarro and Nehouray exercised control over Defendant D Street, Defendants converted the funds paid by Plaintiff to D Street for their own personal use and not their intended use.

97.     Plaintiff is informed and believes that Does 1-10 conspired with Defendants and assisted in, participated in and/or ratified their actions in such conversion, and have received, directly or indirectly, some of the proceeds of such acts of conversion.

98.     Plaintiff has duly made demand upon Defendants to account for said profits, but Defendants have refused to comply.

99.     As a proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be determined at trial but above the jurisdictional minimum of this Court.

– 16 –

100.    Plaintiff is entitled to the return of the profits and all proceeds and rights pertaining to or derived from such profits.

101.    Plaintiff is entitled to an accounting and to a constructive trust on the profits and all proceeds and rights pertaining to or derived from such profits.

102.    Plaintiff is informed and believes and thereon alleges that these Defendants, and each of them, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff. Plaintiff prays that this Court award punitive damages by way of example against these Defendants to be determined by the Court at the time of trial within the jurisdictional limits of this court.

## XVI. TWELFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)

103.    Plaintiff refers to paragraphs 1 through 102 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

104.    Defendants Nehouray, Etesamnia and Navarro personally and directly benefitted from Plaintiff's investments in Defendants Empire and Pars, of which Defendants were in exclusive control.

105.    Specifically, Defendants converted assets belonging to Plaintiff for their own personal use. Moreover, Defendants took "loans" from Empire and Pars and other assets of Plaintiff without actual repayment, or even authorization to take such "loans."

106.    Furthermore, Defendants took salaries and charged fees to Empire and Pars and accepted unauthorized payments for work that they never did.

107.    The circumstances of Defendants unjust enrichment are such that Defendants should, in good conscience, make restitution to Plaintiff.

108.    As a proximate result of Defendants failure to make restitution, Plaintiff has suffered substantial damages in an amount to be proven at trial but above the jurisdictional minimum of this court.

– 17 –

## XVII. THIRTEENTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL

### (Against Defendants Nehouray, Etesamnia, Empire, Pars and DOES 1-10)

109.    Plaintiff refers to paragraphs 1 through 108 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

110.    Defendants Nehouray and Etesamnia's promise to provide Plaintiff with 50% of the equity of Defendants Pars and Empire and 50% of their profits when they produced and sold gold coins was clear and unambiguous.

111.    As alleged herein, Plaintiff relied upon those promises to provide Defendants with hundreds of thousands of dollars.

112.    As alleged herein, Defendants have breached those promises.

113.    Plaintiff's reliance on Defendants' promises was reasonable and foreseeable.

114.    As a direct and proximate result of Defendants' acts, as alleged herein, Plaintiff has been damaged in an amount to be proven at trial but above the jurisdictional minimum of this Court.

## XVIII. FOURTEENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

### (Against Defendants Nehouray, Etesamnia and DOES 1-10)

115.    Plaintiff refers to paragraphs 1 through 114 of this Complaint and incorporates those paragraphs by reference as though fully set forth in this section.

116.    As alleged above, Defendants Nehouray and Etesamnia, and each of them, occupied or assumed a fiduciary, trust relationship with Plaintiff, by reason of their position as managers of Defendants Empire and Pars in which Plaintiffs invested.

117.    As such, Defendants Nehouray and Etesamnia owed Plaintiff a fiduciary duty, as well as other duties of trust and confidence.

118.    By engaging in the acts, omissions and misrepresentations alleged above, Defendants Nehouray and Etesamnia breached their fiduciary duties to Plaintiff.

– 18 –

Defendants' participation was both active and for the purpose of advancing their own

interests or obtaining a personal financial advantage, to the detriment of Plaintiff.

119.    As a direct and proximate result of Defendants' breaches of fiduciary duty to Plaintiff,

Plaintiff has been damaged in an amount to be determined at trial, but above the

jurisdictional minimum of this Court.

120.    Plaintiff is informed and believes that in doing the things alleged herein, Defendants

acted with malice, fraud and oppression and with ill-will and animus toward Plaintiff.

Accordingly, Plaintiff seeks an award of punitive damages against Defendants, and each of

them, according to their respective wealth and financial condition, in an amount sufficient to

punish them and deter them from such misconduct in the future.

## XIX. PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

as follows:

1.  For compensatory damages according to proof;

2.  For interest, at the proper rate, from October 2007;

3.  For incidental damages;

4.  For attorneys' fees;

5.  For punitive damages in an amount to be determined at trial;

6.  For costs of the suit;

7.  For such other and further relief as is just and proper in this case.

FIRST AMENDED COMPLAINT

DATED: May 1, 2013

Respectfully submitted,

A|D|Y Law Group, P.C.


By:_____

       A. David Youssefyeh


Attorneys for Plaintiff,
KOUROSH MALEKAN

FIRST AMENDED COMPLAINT

# EXHIBIT 5

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Filer's Name: | **Edmond Nassirzadeh, Esq.** | Atty Name (if applicable): **Edmond Nassirzadeh, Esq.** |
| Street Address: | **9454 Wilshire Boulevard Suite 700** **Beverly Hills, CA 90212** | CA Bar No. (if applicable): **SBN: 201833** |
| Filer's Telephone No.: | **(310) 858-7755** | Atty Fax No. (if applicable): **(310) 858-2255** |

| | |
|---|---|
| In re: <br> **Peter Pedrom Etesamnia** | Case No. **2:12-bk-43661** <br> Chapter **7** |

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $30.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?    Yes ☒    No ☐

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

A ☐    B ☐    C ☐    D ☐    E ☐    F ☒    G ☐    H ☐    I ☐    J ☐

Statement of Social Security Number(s) ☐          Statement of Financial Affairs ☐

Statement of Intention ☐          Other ☐

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, **Peter Pedrom Etesamnia**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED:    **June  5, 2013**

/s/ Peter Pedrom Etesamnia

**Peter Pedrom Etesamnia**
*Debtor Signature*

*Co-Debtor Signature*

**\*\*FOR COURT USE ONLY\*\***

**\*\*SEE REVERSE SIDE\*\***

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.


DATED:    **June  5, 2013**                                    **Edmond Nassirzadeh, Esq.**
                                                                                Print or Type Name

                                                                                **/s/ Edmond Nassirzadeh, Esq.**
                                                                                *Signature*


(SEE ATTACHED MAILING LIST.)

**Jason M. Rund (TR)**
**Sheridan & Rund**
**840 Apollo Street, Suite 351**
**El Segundo, CA 90245**

**_Attorney for Creditor: Kourosh Malekan_**
**David Youssefyeh**
**1925 Century Park East, Suite 1380**
**Los Angeles, CA 90067**

B6F (Official Form 6F) (12/07)

In re    **Peter Pedrom Etesamnia**                                                 Case No.    **2:12-bk-43661**
                                                                    Debtor

# AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. x-x1006<br><br>**American Express**<br>**4315 South 2700 West**<br>**Salt Lake City, UT 84184** | | | 7/29/2012<br>**Credit Card Debt** | | | | 25,707.47 |
| Account No. xxxxxxxxxxxx9400<br><br>**Bank of America**<br>**100 North Tryon Street**<br>**Charlotte, NC 28202** | - | | **Opened 1/01/02 Last Active 8/01/12**<br>**CreditCard** | | | | 24,815.00 |
| Account No. xxxxxxxxxxxx9691<br><br>**Bank of America**<br>**100 North Tryon Street**<br>**Charlotte, NC 28202** | - | | **Opened 8/01/06 Last Active 6/11/12**<br>**CreditCard** | | | | 11,209.00 |
| Account No. xxxxxxxxxxxx3530<br><br>**Bank of America**<br>**100 North Tryon Street**<br>**Charlotte, NC 28202** | - | | **Opened 6/01/06 Last Active 6/21/12**<br>**CreditCard** | | | | 4,995.00 |
| _4_   continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | 66,726.47 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Peter Pedrom Etesamnia**                                     Case No.  **2:12-bk-43661**
_____
                        Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Beverly Wilshire Investment Co, LLC**<br>**9454 Wilshire Blvd., Suite 220**<br>**Beverly Hills, CA 90212** | - | | 2008-2009<br>Rental Payments | | X | X | Unknown |
| Account No. xxxxxxxxxxxx6570<br><br>**Chase**<br>**P.o. Box 15298**<br>**Wilmington, DE 19850** | - | | Opened  4/01/99  Last Active  8/05/12<br>CreditCard | | | | 8,314.00 |
| Account No. xxxxxxxxxxxx5854<br><br>**Chase**<br>**P.o. Box 15298**<br>**Wilmington, DE 19850** | - | | Opened  8/01/03  Last Active  7/22/12<br>CreditCard | | | | 1,575.00 |
| Account No. xxxx xxxx xxxx 3988<br><br>**Chase**<br>**Po Box 15298**<br>**Wilmington, DE 19850** | - | | 8/19/2012<br>Credit Card Debt | | | | 16,325.29 |
| Account No. xxxxxxxxxxxxxxx0061<br><br>**Chase Health Advance**<br>**1111 Polaris Parkway**<br>**Columbus, OH 43240** | - | | 8/1/2012<br>Credit Card Debt | | | | 4,179.37 |

Sheet no. __1__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  **30,393.66**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Peter Pedrom Etesamnia**                                                          Case No.    **2:12-bk-43661**
_____
                              Debtor

# AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. xxxxxxxxxxxx8843 | | | | Opened  5/01/02  Last Active 7/06/12 CreditCard | | | | |
| Chase Mht Bk Attention: Bankruptcy Po Box 15298 Wilmington, DE 19850 | | - | | | | | | 4,853.00 |
| Account No. xxxxxxxxxxxx6881 | | | | Opened  4/01/00  Last Active 7/16/12 CreditCard | | | | |
| Citibank Sd, Na Attn: Centralized Bankruptcy Po Box 20507 Kansas City, MO 64195 | | - | | | | | | 19,006.00 |
| Account No. xxx xx.: 5081 | | | | August 1, 2012 Credit Card Debt | | | | |
| County of San Bernardino 157 West Fifth Street, 3rd Floor San Bernardino, CA 92415 | | - | | | | | | 1,198.00 |
| Account No. 2404 | | | | 8/28/2012 Credit Card Debt | | | | |
| Discover PO Box 29033 Phoenix, AZ 85038-9033 | | - | | | | | | 84.75 |
| Account No. xxxxxxxxxxxx7475 | | | | Opened 12/01/02  Last Active 7/18/12 CreditCard | | | | |
| Discover Fin Svcs Llc Po Box 15316 Wilmington, DE 19850 | | - | | | | | | 3,723.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of                                    Subtotal                    28,864.75
Creditors Holding Unsecured Nonpriority Claims                                         (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **Peter Pedrom Etesamnia**                                    Case No.    **2:12-bk-43661**
_____
                                Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxxxxxxx8387 | | | | 9/2012 Credit Card Debt | | | | |
| DMV PO Box 942897 Sacramento, CA 94297 | | - | | | | | | 514.00 |
| Account No. | | | | Trade Debt | | | | |
| Jalinous Nehouray 8725 Wilshire Boulevard Beverly Hills, CA 90210 | | - | | | | X | X | Unknown |
| Account No. xxxx8749 | | | | 2007 Trade Debt | | | | |
| Kourosh Malekan c/o A. David Youssefyeh ADY Law Group, P.C. 1925 Century Park East, Suite 1380 Los Angeles, CA 90067 | | - | | | | X | X | Unknown |
| Account No. | | | | Trade Debt | | | | |
| Lionel Roza Pereira 7635 E. Firestone Blvd Downey, CA 90241 | | - | | | | | X | Unknown |
| Account No. xxxxxxxxxxxx9803 | | | | Opened 6/01/11 Last Active 7/16/12 ChargeAccount | | | | |
| Lowes / MBGA / GEMB Attention: Bankruptcy Department Po Box 103104 Roswell, GA 30076 | | - | | | | | | 611.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **1,125.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Peter Pedrom Etesamnia**                                        Case No.    **2:12-bk-43661**
_____,
                           Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Siamak Ahghari** <br> **P.O. BOX 9667** <br> **San Jose, CA 95157** | - | | **Trade Debt** | | | | **Unknown** |
| Account No. <br><br> **Siavash Mayelafshar** <br> **c/o Mazlar Mafl** <br> **1502 North Broadway** <br> **Santa Ana, CA 92706** | - | | **2005** <br> **Alleged Trade Debt** | | X | X | **Unknown** |
| Account No. xxxxxxxxxxxx5103 <br><br> **Us Bank** <br> **Cb Disputes** <br> **Saint Louis, MO 63166** | - | | **Opened 2/01/09 Last Active 7/16/12** <br> **CreditCard** | | | | **6,591.00** |
| Account No. <br><br> . | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **6,591.00**

Total
(Report on Summary of Schedules)    **133,700.88**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Edmond Nassirzadeh, Esq.**<br>**Nass Law Firm**<br>**9454 Wilshire Boulevard**<br>**Suite 700**<br>**Beverly Hills, CA 90212**<br>**(310) 858-7755 Fax: (310) 858-2255**<br>**SBN: 201833**<br>☒ *Attorney for Debtor(s):* | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>   **Peter Pedrom Etesamnia**<br>                                                      Debtor(s). | CASE NO.:<br>CHAPTER: **7**<br>ADV. NO.: |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

☒ Petition, statement of affairs, schedules or lists          Date Filed: _____

☒ Amendments to the petition, statement of affairs, schedules or lists   Date Filed: _____

☐ Other:   Amended Schedule "F"          Date Filed:   June 5, 2013

    I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____          June 5, 2013
*Signature of Signing Party*          Date
**Peter Pedrom Etesamnia**
*Printed Name of Signing Party*

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

    I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____          June 5, 2013
*Signature of Attorney for Signing Party*          Date
**Edmond Nassirzadeh, Esq.**
*Printed Name of Attorney for Signing Party*

# EXHIBIT 6

## Case Summary

**Case Number:** SC118749
KOUROSH MALEKAN VS. PETER ETESAMIAN ET. AL.

**Filing Date:** 10/16/2012
**Case Type:** Breach Rental/Lease (not UD/Evict) (General Jurisdiction)
**Status:** Pending

Future Hearings

**07/23/2013** at 08:30 am in department P at 1725 Main Street, Santa Monica, CA 90401
Conference-Case Management


Documents Filed | Proceeding Information

Parties

EMPIRE GLOBAL MINT - Defendant

ETESAMIAN PEDRAM - Deft's AKA

ETESAMIAN PETER - Defendant

MALEKAN KOUROSH - Plaintiff

NASSIRZADEH EDMOND - Attorney for Defendant

NEHOURAY JALINOUS - Defendant

PARS MINT - Defendant

YOUSSEFYEH AFSHIN DAVID - Attorney for Plaintiff


Case Information | Party Information | Proceeding Information

Documents Filed (Filing dates listed in descending order)

**06/05/2013** Proof-Service/Summons
Filed by Attorney for Plaintiff

**06/05/2013** Notice of Stay (OF PROCEEDINGS. )
Filed by Attorney for Defendant

**05/20/2013** Partial Dismissal (w/o Prejudice) (DEFENDANT PETER ESTESAMIAN )
Filed by Attorney for Plaintiff

**05/20/2013** Summons Filed (AMENDED SUMMONS )
Filed by Attorney for Plaintiff

**05/20/2013** First Amended Complaint
Filed by Attorney for Plaintiff

**10/16/2012** Complaint Filed


Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)

**05/28/2013** at 08:30 am in Department WEP, Allan J. Goodman, Presiding
Conference-Case Management - **Status conference is held & cont.**

**02/08/2013** at 10:30 am in Department WEP, Allan J. Goodman, Presiding
Conference-Case Management - **Status conference is held & cont.**

Case Information | Party Information | Documents Filed | Proceeding Information

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
8200 Wilshire Blvd., Suite 400, Beverly Hills, CA 90211

The foregoing documents described as   **Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Action in Non-Bankruptcy Forum)**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___06/25/13___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

II.  **SERVED BY UNITED STATES MAIL**: On (*date*) __06/25/13_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on__06/25/13___ served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 06/25/13 | Elizabeth Prado | /s/ Elizabeth Prado |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ADDITIONAL SERVICE LIST

### In re Peter Pedrom Etasamnia
### Ch. 7 Case No. 2:12-bk-43661-TD

## SERVICE VIA NEF:

- Edmond Nassirzadeh     ed@nasslawfirm.com, ecfbestcase@gmail.com --------------*Debtor's counsel*
- Jason M Rund (TR)     trustee@srlawyers.com, jrund@ecf.epiqsystems.com ---------*Chapter 7 Trustee*
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

## SERVICE VIA U.S. MAIL:

**Debtor:**
Peter Pedrom Etesamnia
9726 Mel Dar Avenue
Downey, CA 90240

## SERVICE VIA PERSONAL DELIVERY:

**Bankruptcy Judge:**
The Honorable Thomas Donovan, U.S. Bankruptcy Judge
United States Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Bin Outside of Suite 1352
Los Angeles, CA 90012-3332